UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED
NOV 2 9 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 06-CV-367-JMH

MARLIN TROY BORNGNE　　　　　　　　　　　　　　　　PETITIONER

VS:　　　　**MEMORANDUM OPINION AND ORDER**

STEPHEN DEWALT, Warden　　　　　　　　　　　　　　RESPONDENT

　　Marlin Troy Borngne, an individual confined in the Federal Medical Center in Lexington, Kentucky, has paid the district court filing fee and filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. He has paid the $5.00 filing fee [Record No. 8].

　　This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

　　*Pro se* petitions are held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, under 28 U.S.C. §1915(e)(2), the district court can dismiss a case at any time if it determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## CLAIMS

The petitioner challenges his conviction on the grounds that he is actually innocent of brandishing a gun in connection with an armed bank robbery. Construed broadly, his claim would fall under the Due Process Clause of the Fifth Amendment of the United States Constitution. He also argues that he is the victim of multiplicity.

## PRIOR LITIGATION
### The 2005 Petition
#### 1. Claims Asserted

The Court takes judicial notice of the fact that on January 20, 2005, the instant petitioner filed a prior §2241 habeas action in this Court, being *Marlin Troy Borngne v. John Booker, Warden*, Lexington Civil Action No. 05-CV-21-JMH.[1] One month later, on February 25, 2005, he then filed a *second* §2241 petition in this Court, being *Marlin Troy Borngne v. United States of America*, Lexington Civil Action No. 05-CV-74-KSF. By Order entered in both cases on March 8, 2005, both of his §2241 petitions were consolidated and the lead case became *Marlin Troy Borngne v. John Booker, Warden*, Lexington Civil Action No. 05-CV-21-JMH ("the 2005 Petition.").[2]

---

[1] When the Petitioner filed his earlier §2241 petition, John Booker was the warden of FMC-Lexington.

[2] In the 2005 Petition, the petitioner stated that he was convicted of armed bank robbery in violation of 18 U.S.C. §2113(a) and (d) and a firearms charge in violation of 18 U.S.C. §924(c)(1)(A)(ii), on March 21, 2003, in federal court in Chattanooga, Tennessee, Case No. 02-CR-145, *United States v. Marlin Borngne*. He is serving a 117-month sentence. The petitioner claimed that the district court denied him relief under 28 U.S.C. §2255 on December 4, 2003, and that his direct appeal to the United States Court of Appeals for the Sixth Circuit was denied on January 6,

2

In the 2005 Petition, the petitioner claimed to be actually innocent of the firearms charge and that the conviction on the firearms charge also violated the prohibition against multiplicity. He stated as follows:

> **The typical 924(c) predicate offense** (a crime of violence does not require proof of the use of a weapon to establish the crime.) (However, 2113(d) is also unique among 924(c) predicate also, **because the "use of a dangerous weapon or device does not <u>add</u> anything to the crime. Instead, use of a firearm** (define as a dangerous weapon) <u>**is an original element of the crime**</u>. (Therefore, 2113(d) may not be used as a predicate offense for 924(c). . . .

See Record No. 1, 05-CV-21-JMH, Petitioner's Mem., p. 2 (Emphasis by the petitioner). Because both of the charged offenses had the same elements, the petitioner argued, they were purportedly inextricably intertwined and violated the Fifth Amendment. The petitioner lifted supporting language from several old cases about multiplicity.

The petitioner argued that because he has been denied §2255 relief and because the multiplicity claim was not addressed, he had no other recourse but to file an action pursuant to 28 U.S.C. §2241.

2. <u>Disposition of 2005 Petition</u>

On March 18, 2005, the Court entered a Memorandum Opinion and Order dismissing the 2005 Petition, finding that the petitioner had failed to demonstrate that his remedy under §2255 had been inadequate and ineffective. Citing *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999), and as amended later in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the

---

2005. On January 20, 2005, he filed the 2005 Petition.

Court explained that the Sixth Circuit has established the threshold requirements which a §2241 petitioner must meet for asserting a challenge to a conviction or sentence which would ordinarily be brought in the trial court pursuant to §2255.[3]

As the Court discussed, according to *Charles*, a §2241 petitioner must first demonstrate that his remedy under §2255 is truly "inadequate" or "ineffective," and neither an earlier unsuccessful §2255 motion nor a time bar will meet this standard. 180 F.3d at 757. The burden is on the petitioner to demonstrate inadequacy or ineffectiveness as a threshold matter. *Id.* at 756. The second component under *Charles* which must then be demonstrated is that the §2241 petitioner must present a claim of "actual innocence," as did Petitioner Martin. *Martin*, 319 F.3d at 804-05.

In assessing Petitioner Borngne's claims contained in the 2005 Petition, the Court concluded that he had failed to meet either criteria set forth in *Charles*. The Court stated as follows:

> He [Borngne] does not allege that he sought permission from the appellate court to bring a successive §2255 motion and was denied. Nor does he claim actual innocence of the bank robbery or that none of the accomplices had a firearm, based upon an intervening Supreme Court case interpreting that crime. Actual innocence is discussed at length in *Bousley v. United States*, 523 U.S. 614 (1998), the Supreme Court of the United States therein writing, "To establish actual innocence, Petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623. The Court went on, "It is important to note in this

---

[3] The Court will not reiterate here its lengthy discussion of the *Charles* and *Martin* opinions, as they are fully set forth in the March 18, 2005 Memorandum Opinion and Order dismissing the 2005 Petition.

4

regard that 'actual innocence' means factual innocence, not mere legal insufficiency...." *Id.* at 623-24.

All of this petitioner's claims are actually legal ones. Case law distinguishes claims falling under the label of "legal innocence" from claims of "actual innocence" of *the underlying offense charged in the indictment. See Hernandez-Escarsega v. Morris*, 2002 WL 845060 (10th Cir. 2002) (Table, unpublished) (the court distinguishing claims of legal innocence from claims of actual, or factual innocence); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001) ("[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law"); *Whitener v. Snyder*, 23 Fed. Appx. 257, 2001 WL 1178302 (6th Cir. 2001) (same). At most, like the unsuccessful petitioner in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), the instant Petitioner "is innocent . . . only in the technical sense." *Id.* at 609.

Therefore, the instant petitioner having failed to pass the threshold of demonstrating both that his remedy via a §2255 motion to the trial court is barred and that he is actually innocent of criminal conduct under an intervening ruling handed down by the Supreme Court of the United States, the instant petition must be denied and his cause dismissed.

*See* Mem. Op. & Ord., Record No. 4, pp. 5-6, 05-CV-21-JMH.

The petitioner did not appeal the dismissal of the 2005 Petition. On October 30, 2006, he filed a new §2241 petition initiating this action, 06-CV-367-JMH ("the 2006 Petition").

### INSTANT PETITION [06-CV-367-JMH]

In the 2006 Petition, the petitioner has again asserted a claim of actual innocence, arguing that his co-defendant was the actual user and carrier of the firearm during the armed bank robbery. Borngne contends that he "did not possess, brandish, display nor use a firearm during and in commission of a felony pursuant to the statute 924(c)." [*See* Record No. 1, p. 1, 06-CV-367-JMH].

In §3 of his petition form, the petitioner vaguely referred to the fact that in

5

"2004/2006" the Sixth Circuit denied his "2255 and successive 2255 Petition."[4] He also reasserts the same multiplicity arguments which he unsuccessfully raised in the 2005 Petition.

## DISCUSSION

In the 2006 Petition, the petitioner claims that he did not actually *use* a firearm in the commission of a felony. Despite having slightly changed the allegations in this petition from those in the 2005 Petition, the petitioner has again failed to demonstrate that his remedy under §2255 was inadequate and ineffective to challenge his conviction and sentence.

The petitioner was convicted in federal court in March, 2003. When he filed his first §2255 motion in the trial court that same year, he could have and should have asserted at that time any *Bailey* claim concerning his allegation that he did not use or brandish a firearm during the commission of a crime.[5]

Over a year later, in January 2005, the Sixth Circuit denied his §2255 petition. In July

---

[4]

The Court takes judicial notice of the fact that on July 14, 2006, the petitioner filed a "Petition/Motion" in the Sixth Circuit Court of Appeals, in which he essentially asked for permission to file a second or successive motion to vacate his sentence under 28 U.S.C. §2255. On October 25, 2006, the Sixth Circuit entered an order denying that request.

[5]

In *Bailey v. United States*, 516 U.S. 137 (1995), the Supreme Court of the United States interpreted the "use" prong of 18 U.S.C. §924(c)(1) narrowly, to require "active employment" of a firearm in order to sustain a conviction for use of a firearm in relation to a drug offense. Numerous prisoners who had been convicted under a broader understanding of the "use" component for conduct which, after *Bailey*, was not considered criminal conduct, suddenly had claims of actual innocence.

2006, the petitioner then asked the Sixth Circuit to allow him to file a successive §2255 petition. That court denied his request on October 25, 2006. This Court can ascertain no legitimate reason to grant the petitioner's renewed request to challenge his conviction under a *Bailey* theory which he could have and should have raised in the trial court back in 2003.[6]

He does not explain in the 2006 Petition why he did not assert his *Bailey* claim in the trial court back in 2003. Given the history and the outcome of the 2005 Petition, it would appear that the petitioner has simply changed his legal argument in the 2006 Petition in an attempt to find some way to circumvent the gate-keeping provisions of *Charles* and *Martin*.

As the Court explained in its dismissal of the 2005 Petition, under *Charles,* the remedy available to a petitioner under §2255 is not rendered ineffective or inadequate simply because the trial court has previously denied him relief. *Charles,* 180 F.3d at 757-58. The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255. *Id.* at 758.

As for the petitioner's "double jeopardy" and/or "multiplicity" claims, the Court must also dismiss those claims. They fall victim to the application of the doctrine enunciated in *Charles v. Chandler.* The petitioner should have asserted those claims in his §2255 motion to vacate filed in the trial court back in 2003. The Court will not entertain those claims in this §2241 petition.

---

[6]

The Court further notes that *Bailey* was decided in 1995, and therefore the petitioner was on notice of its holding when he entered a guilty plea in the trial court on December 5, 2002, and when he was subsequently sentenced on March 21, 2003.

7

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)  Marlin Troy Borngne's petition for writ of habeas corpus is **DENIED**.

(2)  Marlin Troy Borngne's "Motion to Supplement" his original §2241 petition [Record No. 6] is **DENIED**.

(3)  This action will be **DISMISSED**, *sua sponte,* from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This the 29th day of November, 2006.

JOSEPH M. HOOD, CHIEF JUDGE